**R. James NICHOLSON, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 2006–7083.

United States Court of Appeals, Federal Circuit.

May 1, 2006.

Charles U. Smith, pro se.

Before BRYSON, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

*ORDER*

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss, for lack of jurisdiction, Charles U. Smith's appeal of the judgment in Court of Appeals for Veterans Claims case no. 03–664. Smith opposes and moves for default judgment in part and remand of his claim to the Board of Veterans' Appeals. The Secretary replies.

Smith appeals from the December 13, 2005 decision of the Court of Appeals for Veterans Claims that affirmed the Board of Veterans' Appeals decision denying his increased rating claim for an infection of the skin and bilateral inguinal area lymph nodes. In his informal brief, Smith argues that he wants adjudication on "hearing, speech, and sight loss." He refers to a claim for back pay. He does not address the issues raised by the decision of the Court of Appeals for Veterans Claims.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. *See Forshey v. Principi,* 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Smith's appeal does not satisfy any of the grounds for invoking this court's jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Smith's motions are denied.

(4) Each side shall bear its own costs.

**Geneva MILLER, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 2006–3205.

United States Court of Appeals, Federal Circuit.

May 1, 2006.

Geneva Miller, pro se.

Before BRYSON, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

### ORDER

The court treats Geneva Miller's correspondence concerning the timeliness of her petition for review as a motion for reconsideration of the court's previous rejection of her petition for review as untimely. Miller moves for leave to proceed in forma pauperis.

On December 27, 2005, the Merit Systems Protection Board issued a final decision in *Miller v. OPM*, No. PH–831E–05–0276–I–1, 101 M.S.P.R. 132, specifying that its decision was final and that any petition for review must be received by this court within 60 calendar days of receipt of the Board's decision. A copy of the certified mail receipt reflects that Miller received the Board's decision on December 29, 2005.* Miller's petition seeking review of the Board's decision was received by the court on March 1, 2006 and rejected as untimely.

Our review of a Board decision is governed by 5 U.S.C. § 7703(b)(1), which provides that "[n]otwithstanding any other provision of law, any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board." This filing period is "statutory, mandatory, [and] jurisdictional." *Monzo v. Dept. of Transportation, Federal Aviation Administration,* 735 F.2d 1335, 1336 (Fed.Cir. 1984). Thus, under the time provision of the statute, Miller's petition for review was due in this court within 60 days of receipt of the Board's final decision, i.e., by February 27, 2006. Because Miller's petition for review was received on March 1, 2006, 2 days late, the court must dismiss Miller's petition as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) The motion for reconsideration is denied. The petition for review is dismissed as untimely.

(2) Each side shall bear its own costs.

(3) Miller's motion for leave to proceed in forma pauperis is moot.

---

* Miller stated in her petition for review that she received the decision on December 30, 2005. In her motion for reconsideration she states that she is "not positive" if she received it exactly on that date. Nevertheless, even assuming that she received the decision on December 30, her petition would still be untimely.